IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| PEGGY SUE BUTLER, | ) | CASE NO. 5:19-CV-00182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

Before me[1] is an action by Peggy Sue Butler seeking judicial review of a decision of the Commissioner of Social Security that denied Butler's applications for disability insurance benefits as well as supplemental security income.[2] Pursuant to my orders,[3] and after the Commissioner filed an answer[4] and the transcript of the administrative

---

[1] ECF Nos. 18, 20.
[2] ECF No. 1.
[3] ECF Nos. 7, 12 and non-document order entered June 4, 2019.
[4] ECF No. 10.

proceedings,[5] the parties briefed the matter,[6] filed fact sheets[7] and participated in a telephonic oral argument.[8]

For the reasons that follow, I will find that the decision of the Commissioner is not supported by substantial evidence and so must be reversed, with the matter remanded for further proceedings.

This case centers on the decisive effect of a specific term that the ALJ elected to incorporate into the RFC. In resolving this single relevant issue, I am initially aware that the present matter could be quickly adjudicated by Humpty Dumpty, who was quoted in *Alice in Wonderland* as saying, "in rather a scornful tone," that "'When I use a word, it means just what I chose it to mean – neither more nor less.'"[9]

Unfortunately for the Commissioner, however, the works of Lewis Carroll are not a controlling precedent in these matters.

The narrow question involved here concerns the exact language of the RFC that specifies that Butler "must be able to alternate between sitting/standing *at will* …."[10] That clear language, however, went through Alice's looking glass when it was read in light of the testimony of the VE, who stated that no jobs would be available to a sedentary

---

[5] ECF No. 11.
[6] ECF No. 13 (Butler), 15 (Commissioner).
[7] ECF No. 13, Attachment (Butler), 15, Attachment (Commissioner).
[8] ECF No. 21.
[9] Carroll, Lewis, 1832-1898. *Alice's Adventures in Wonderland and Through the Looking-Glass*. Chapter 6, pg. 63. Peterborough, Ontario, Broadview Press, 2000.
[10] Tr. at 19 (emphasis added).

individual who was off task fifteen percent of the work day.[11] To the Commissioner, the words "at will" cannot mean what the dictionary says they mean,[12] but must include unspoken limitations consistent with other portions of the RFC and record. In essence, the Commissioner here maintains that if I take the ALJ's finding that transitioning between sitting and standing would take 1-2 minutes,[13] and then take the amount of time the record shows Butler could stand and/or sit in a non-work setting,[14] I would necessarily conclude that "at will" actually means that Butler would be off task for a specific amount of time that is something less than fifteen percent.[15]

It is true, as the Commissioner points out,[16] that the reviewing court may look for evidentiary support for a specific finding incorporated in the RFC throughout the evidence cited by the ALJ in his decision.[17] But it is also true that a reviewing court may not accept post-hoc rationalizations to read into an RFC limitations or capabilities not expressly

---

[11] *Id*. at 80.
[12] *At Will*, Black's Law Dictionary 155 (10th ed. 2014) provides as the definition of "at will" subject to one's discretion, as one wishes or chooses. . . .
[13] *Id*. at 19.
[14] ECF No. 15 at 14 (citing record).
[15] *Id*.
[16] *Id*.
[17] *Kepke v. Commissioner*, 636 Fed. Appx. 625, 638 (6th Cir. 2016) ( A hypothetical that included the requirement that claimant avoid "even moderate exposure to poorly ventilated areas" was not inconsistent with RFC that required claimant avoid "all exposure" to poorly ventilated areas. A clarifying question on the record established that the VE was describing jobs available in a "clean environment." As the reviewing court found, "[i]t defies logic to assume that the VE believed that a poorly ventilated area constituted a 'clean environment.'"

included by the ALJ in the RFC finding.[18] The requirement to avoid post-hoc rationalization is particularly important at Step Five of the sequential review process where the burden of proof is on the Commissioner.[19]

Here the Commissioner asks the Court to conclude that the RFC contained an "inferred" limitation on the number of times that Butler can changes positions between sit and stand in an hour, based on evidence referred to in the decision.[20] Despite this evidence, the ALJ placed no limitation on Butler's discretion to change positions at will. This Court will not infer that the ALJ meant to do so but somehow inadvertently failed to do so.

This has implications at Step 5. The ALJ posed to the VE a hypothetical incorporating the RFC finding made at Step Four, and the VE responded that a significant number of jobs existed in the national economy that Butler could do. On follow-up questioning, the VE clarified that if Butler were off-task more than 15% of the workday, no jobs would exist. If, as stated in the RFC, change of position between sitting and standing is at the unlimited discretion of Butler, and she would be off-task on or two minutes during each position change, the number of changes per hour could eliminate existing jobs.

---

[18] *Keeton v. Commissioner of Social Security*, 583 Fed. Appx. 515, 524 (6th Cir. 2014)( internal citation and quotation omitted).
[19] See, *Jones v. Commissioner*, 336 F.3d 469, 474 (6th Cir. 2003) (citations omitted); *Simpson v. Commissioner*, 2014 WL 3845951, at *14 (S.D. Ohio Aug. 5, 2014) (ALJ has the burden of proof at step five which is not met when the VE's testimony does not support the ALJ's no disability finding).
[20] ECF #11, at 20.

But here the Commissioner asks the Court to make another inference. Specifically, the Commissioner posits that the VE assumed that the hypothetical included the inferred limitation on the number of changes of position per hour, and his response supports the Step 5 finding based on that assumption. This tortured path of rationalization comes by way of post hoc argument that cannot support the ALJ's decision.

Accordingly, the decision of the Commissioner here is reversed as not supported by substantial evidence. The case is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: October 31, 2019                    s/William H. Baughman Jr.
                                           United States Magistrate Judge